UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAISY RIVERA,

      Plaintiff,

v.                                  Case No:   2:14-cv-718-FtM-38MRM

GOLFVIEW GOLF & RACQUET CLUB
COMMUNITY ASSOCIATIONS, INC. and
DENNIS CATOE,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the parties' Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 40) and Settlement Agreement (Doc. 40-1) filed on August 20, 2015.  Plaintiff Daisy Rivera and Defendants Golfview Golf & Racquet Club Community Association, Inc. ("Golfview") and Dennis Catoe are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-3.  The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees.  *Id*. at 1353.  The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages.  *Id*.  When employees file suit, the proposed settlement must be presented to the

District Court for its review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

Plaintiff alleges that she worked for Defendants as a non-exempt, hourly paid janitor. (Doc. 16 at 6 ¶ 35).  Plaintiff claims that she frequently worked in excess of forty (40) hours per week from at least 2003 continuing through November 2014 and was not paid overtime wages for these hours.  *Id.* at ¶¶ 37-38.  Defendant denies that Plaintiff was non-exempt or that she worked in excess of forty (40) hours per week.  (Doc. 25 at 3 ¶¶ 35, 37-38).  Additionally, Defendants previously filed a motion to dismiss arguing they were not subject to the FLSA's enterprise coverage.  (Doc. 20).  Based on these contentions, *bona fide* disputes exist regarding the hours Plaintiff worked, whether she was exempt from overtime wages, and whether Defendants were subject to the FLSA's enterprise coverage.

The parties agreed to settle this action to avoid the "uncertainties of litigation."  (Doc. 40 at 2 ¶ 5).  The amount of the settlement is $15,500.00, exclusive of attorney's fees and costs. (Doc. 40-1 at 1 ¶ 2).  Plaintiff will receive $6,000.00 for the alleged unpaid overtime wages, $6,000.00 for potential liquidated damages, and $3,500.00 for a general release.  *Id.*  The Court

reviewed the Settlement Agreement (Doc. 40-1) and determines that the terms of the Settlement Agreement are reasonable as to wages, liquidated damages, and the general release.

Regarding attorneys' fees and costs, Defendants first agree to cover Plaintiff's cost of mediation totaling $1,300.00. (Doc. 40 at 2 ¶ 4). Additionally, Defendants agree to pay $12,000.00 for attorneys' fees and costs. (Doc. 40 at 2 ¶ 6). As explained in *Bonetti v. Embarq Management Company*, "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The Court further stated that

> [i]f these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement. In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

In the present case, the amount of attorney's fees was negotiated apart from, and subsequent to, agreement on the amount of settlement funds to be paid to Plaintiff. (Doc. 40 at 2-3 ¶ 6). Thus, the Court finds that the settlement was reached and that the attorneys' fees were agreed upon without compromising the amount paid to Plaintiff.

Without contradictory evidence, the Settlement Agreement (Doc. 40-1) appears reasonable on its face.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 40) be **GRANTED** and that the Settlement Agreement (Doc. 40-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that if the District Court adopts this Report and Recommendation, that the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the District Judge if the party fails to object to that finding or conclusion within fourteen (14) days after issuance of the Report and Recommendation containing the finding or conclusion.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 8, 2015.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties